IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

UNITED STATES OF AMERICA,      )
                               )
                               )
          v.                   )      1:13cr137 (JCC)
                               )
GING-HWANG TSOA,               )
                               )
     Defendant.                )

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant Ging-Hwang Tsoa's ("Defendant") Motion in Limine ("Motion"). [Dkt. 100.] For the following reasons, the Court will grant in part and deny in part Defendant's Motion.

## I.  Background

Defendant is charged with one count of conspiracy to commit bank fraud and two counts of bank fraud. (Indictment, Counts 1-3.) The Government alleges that Defendant helped Robert Mikail submit mortgage loan applications containing materially false information to various lenders as part of a mortgage fraud conspiracy. (Indictment, Count 1 ¶¶ 7-13.)

On October 17, 2013, the Government notified defense counsel that it intends to introduce a large number of business records during trial pursuant to Federal Rule of Evidence 803(6). These records include files from various lending

institutions that worked with Defendant.  The Government further
informed counsel that it would rely on custodian certificates
under Federal Rule of Evidence 902(11) instead of direct
testimony to establish these documents as business records.
(Def.'s Mot. in Limine (as paginated by CM/ECF) at 1.)

Defendant has moved to preclude a large portion of
these records on three grounds: (1) the Government is relying on
improper Rule 902(11) certificates to authenticate the
documents; (2) the lender files contain impermissible hearsay;
and (3) certain documents were obtained under circumstances
indicating a lack of trustworthiness.  (Def.'s Mot. in Limine at
1-2.)  The Government has responded, [Dkt. 101], and Defendant's
Motion is now before the Court.

## II.  Applicable Law

Federal Rule of Evidence 802 provides that hearsay
evidence is inadmissible unless it falls within one of the
recognized exceptions to the hearsay rule.  *See* Fed. R. Evid.
802.[1]  Rule 803(6), in turn, excepts from the hearsay rule
records kept in the course of a regularly conducted business
activity.  This rules states, in pertinent part,

> [a] memorandum, report, record, or data
> compilation, in any form, of acts, events,
> conditions, opinions or diagnoses, made at
> or near the time by, or from information

---

[1]  "Hearsay" is a statement, other than one made by the declarant while
testifying at the trial or hearing, offered in evidence to prove the truth of
the matter asserted.  *See* Fed. R. Evid. 801(c).

transmitted by, a person with knowledge, if
kept in the course of a regularly conducted
business activity, and if it was the regular
practice of that business activity to make
the memorandum, report, record, or data
compilation, all as shown by the testimony
of the custodian or other qualified witness,
or by certification that complies with Rule
902(11), Rule 902(12), or a statute
permitting certification, unless the source
of information or the method or
circumstances of preparation indicate a lack
of trustworthiness.

Fed. R. Evid. 803(6).  This rule was amended in 2000 to add

that, in lieu of live testimony, the foundation for

admissibility of a business record may be established by a

certification that complies with Rule 902(11).  Rule 902(11), in

turn, provides that

[t]he original or a copy of a domestic
record that meets the requirements of Rule
803(6)(A)-(C), as shown by a certification
of the custodian or another qualified person
that complies with a federal statute or a
rule prescribed by the Supreme Court. Before
the trial or hearing, the proponent must
give an adverse party reasonable written
notice of the intent to offer the record--
and must make the record and certification
available for inspection--so that the party
has a fair opportunity to challenge them.

Fed. R. Evid. 902(11).

Rules 803(6) and 902(11) are inherently intertwined.

As the Advisory Committee Notes explain, Rule 902(11) "provides

that the foundation requirements of Rule 803(6) can be satisfied

under certain circumstances without the expense and

inconvenience of producing time-consuming foundation witnesses."

Fed. R. Evid. 803(6), Advisory Committee's Note.  The most

appropriate way to view Rule 902(11) is as the functional

equivalent of testimony offered to authenticate a business

record tendered under Rule 803(6) because the declaration

permitted by Rule 902(11) serves the same purpose as

authenticating testimony.  *Rambus, Inc. v. Infineon Technologies*

*AG*, 348 F. Supp. 2d 698, 701-02 (E.D. Va. 2004).  In other

words, a declaration under Rule 902(11) must satisfy all these

requirements of Rule 806(3) to lay a sufficient foundation for

admission.  Accordingly, the axiomatic requirements of Rule

902(11) are

> a declarant, who is a custodian or other
> "qualified person," [must] certify that the
> record "(A) was made at or near the time of
> the occurrence of the matters set forth by,
> or from information transmitted by, a person
> with knowledge of those matters; (B) was
> kept in the course of the regularly
> conducted activity; and (C) was made by the
> regularly conducted activity as a regular
> practice."

*Id.* at 702 (citations omitted).

### III.  Analysis

As noted above, Defendant's Motion raises three

arguments.  Each is addressed in turn.

A.    Improper Rule 902(11) Certificates

Defendant first contends that the Government is relying on improper Rule 902(11) certificates to authenticate the lender files for the following five properties:

1. 21942 Windsor Drive
2. 44237 Sonora Lane
3. 20936 Cohasset Terrace
4. 20936 Duryea Terrace
5. 20974 Cohasset Terrace

(Def.'s Mot. in Limine at 4.)  Defendant notes that employees at JP Morgan Bank ("JP Morgan") and EMC Mortgage ("EMC") executed the Rule 902(11) certificates for the foregoing properties. According to Defendant, these certificates are insufficient because neither JP Morgan nor EMC were the original lenders on any of these files.  (Def.'s Mot. in Limine at 4-6.)  The following chart provided by Defendant is illustrative:

| Property | Original Lender | Source of Certificate |
|---|---|---|
| 21942 Windover Drive | Just Mortgage | JP Morgan/EMC |
| 44237 Sonora Lane | Just Mortgage | JP Morgan/EMC |
| 20936 Cohasset Terrace | PHM Financial | JP Morgan/EMC |
| 20936 Duryea Terrace | Entrust Mortgage | JP Morgan/EMC |
| 20974 Cohasset | Entrust Mortgage | JP Morgan/EMC |

According to Defendant, a "Rule 902(11) certification that attempts to establish the foundations for Rule 803(6) must . . . be executed by a custodian or qualified witness who has

knowledge of the record-keeping practices of the company that created and/or maintained the records at issue." (Def.'s Mot. in Limine at 6.) Thus, while JP Morgan and EMC are the final custodians of these files, Defendant contends that neither entity is competent to certify the records under Rule 902(11) because they were not the original lenders and did not create the records at issue. (*Id.*)

In its response, the Government argues that there is no requirement that JP Morgan and EMC have knowledge of the record-keeping practices of the original lenders. (Gov't's Resp. at 2-3.) According to the Government, it is undisputed that JP Morgan and EMC now maintain the records at issue, and thus they are competent to certify the records under Rule 902(11). (*Id.*)

Accordingly, the crux of this dispute is whether JP Morgan and EMC, as the current custodians of records previously created by other entities, have furnished adequate certificates under Rule 902(11). Having reviewed the applicable case law, the Court agrees with Defendant that the certificates are insufficient.

As noted above, a Rule 902(11) certificate must meet all the requirements of Rule 803(6) to establish a sufficient foundation for admission, meaning the declarant must certify that "the record was kept in the course of a regularly conducted

business activity, and [that] it was the regular practice of

that business activity to make the record." *United States v.*

*Francis*, 329 F. App'x 421, 426 (4th Cir. 2009) (citation and

internal quotation marks omitted).  It is self-evident that a

declarant must have knowledge of the procedures governing the

creation of a record in order to properly attest to this

information.  Case law from this circuit and elsewhere confirms

this conclusion.  *See Rambus,* 348 F. Supp. 2d at 703 ("As Fourth

Circuit precedent makes clear, the custodian or qualified

witness must not only be familiar with the maintenance of the

records, but also with how they are created."); *see also United*

*States v. Porter*, 821 F.2d 968, 977 (4th Cir. 1987) (noting that

a witness could not qualify as a records custodian where "he did

not know the record keeping requirements of the company");

*Collins v. Kibort,* 143 F.3d 331, 338 (7th Cir. 1998) ("While

Rule 803(6) does not require that the qualified witness be the

person who prepared the record, . . . or that the witness have

personal knowledge of the entries in the records, . . . the

business records exception does require that the witness have

knowledge of the procedure under which the records were

created[.]" (citations omitted)); *McKay v. Town & Country*

*Cadillac, Inc.*, No. 97 C 2102, 2002 WL 318295, at *1 (N.D. Ill.

2002) (noting that an affiant "need only be someone with

knowledge of the procedures governing the creation and

maintenance of the type of records sought to be admitted"); *In re Porcheddu*, 338 B.R. 729, 740 (Bankr. S.D. Tex, 2006) ("To be a records custodian, one must 'have knowledge of the procedures under which the record is created.'" (citation omitted)).

More generally, the requirement that a declarant under Rule 902(11) have familiarity with how the records were created accords with the rationale underlying the business records exception. The theory behind this exception is that "[r]eports and documents prepared in the ordinary course of business are generally presumed to be reliable and trustworthy." *Certain Underwriters at Lloyd's, London v. Sinkovich,* 232 F.3d 200, 204–05 (4th Cir. 2000). Records of that sort are considered trustworthy because "businesses depend on such records to conduct their own affairs; accordingly, the employees who generate them have a strong motive to be accurate and none to be deceitful" and secondly, "routine and habitual patterns of creation lend reliability to business records." *Id.* at 205. The indicium of reliability underlying this rule is absent when the attesting witness has no knowledge concerning the creation of a record.

Turning to the facts of this case, it is undisputed that JP Morgan and EMC did not create the lending files for the five properties listed above. (Def.'s Mot. in Limine at 4-6; Gov't's Resp. at 2-3.) Accordingly, their status as the steward

of these records does not evidence that they possess the

requisite knowledge.  Additionally, the Rule 902(11)

certificates from JP Morgan and EMC fail to make any reference

to the declarant's familiarity, or even awareness, of the

record-keeping practices of the company that produced these

files.  (Def.'s Mot. in Limine, Ex. 1.)  Although the Government

is correct that "there is no requirement that the records be

created by the business having custody of them," (Gov't's Resp.

at 4 (citing *United States v. Wein*, 521 F. App'x 138, 140 (4th

Cir. 2013)), as discussed above, a custodian or qualified

witness must possess knowledge of the procedure under which the

records were created.  The certificates from JP Morgan and EMC

plainly lack any testimony to this effect.

    Although the bar for qualification as a custodian or

qualified witness is not high, the Court agrees with Defendant

that the certifications for the five lender files listed above

fall short.  Accordingly, the Court will grant Defendant's

Motion in Limine with regard to these Rule 902(11) certificates.[2]

---

[2]  This is not to say that an entity is unequivocally precluded from
certifying records that it acquired but did not create. *See Wein*, 521 F.
App'x at 140 (4th Cir. 2013) (permitting a Bank of America employee to
testify as a qualified witness for records produced by a separate subsidiary
where "she was familiar with the records created by [the subsidiary], the
records were maintained in the same manner as the records created by Bank of
America, and [the subsidiary] is currently owned by Bank of America").  On
the contrary, certification is permissible in such instances provided the
foundation requirements of Rule 902(11) are satisfied, which is not the case
here. *Id.; see also Rambus*, 348 F. Supp. 2d at 702-04.

B.  Inadmissible Hearsay

Defendant next contends that the lender files in this
case contain third-party documents that are inadmissible
hearsay.  According to Defendant,

> [t]here are a substantial number of "outside"
> documents that the lender received from
> third parties.  These documents include
> communications from the buyer, the seller,
> the real estate agent, the mortgage broker,
> various insurance companies, the escrow
> agent, and more.  There is no evidence that
> these third parties had a business duty to
> report accurate information to the lender.
>
> In order to admit documents that the lender
> received from third parties as business
> records, the government must show that some
> hearsay exception applies to "each
> participant in the chain of communication."
> . . . The government has made no effort to
> make such a showing[.]

(Def.'s Mot. in Limine at 7-8.)

In effect, Defendant is asking the Court to
categorically bar any third-party communications contained in
the lender files that the Government might introduce.  The Court
declines to issue such a ruling at this time.  While certain
evidence may in fact constitute inadmissible hearsay, it is
impossible for the Court reach any conclusion on this issue
without further detail regarding the materials contained in each
file.  Admissibility of this evidence is ascertainable only when
the substance of these documents is actually presented to the
Court, which is not the case now.  In brief, Defendant's vague

assertion that the files contain inadmissible third-party

hearsay is insufficient to warrant the relief requested.

### C.   Lack of Trustworthiness

Finally, Defendant argues that the Court should

exclude certain records because they indicate a lack of

trustworthiness.  (Def.'s Mot. in Limine at 8-10.)  Defendant

identifies two categories of documents under this argument.

(*Id.*)  Defendant describes the first category as containing

email communications between lenders, investors, and post-

default quality control representatives.  The Government has

stated that it will not introduce these records at trial.

(Gov't's Resp. at 5.)  Accordingly, the Court will not address

this issue.[3]

The second category of documents Defendant identifies

consists of records obtained from Horizon Title ("Horizon"), the

title company that performed many of the closings on the

properties at issue.  (Def.'s Mot. in Limine at 10.)  Defendant

suggests that the employees at Horizon were involved in the

conspiracy.  (*Id.*)  Thus, concludes Defendant, any files from

Horizon Title were clearly prepared under "circumstances lacking

trustworthiness."  (*Id.*)

---

[3]   In the event the Government opts to present this evidence, the Court will
address its admissibility at that time.

The Court finds this argument unavailing.  Although

business records indicating "a lack of trustworthiness" are

excludable, *see* Fed. R. Evid. 803(6)(E), Defendant's nebulous

and unsubstantiated allegations as to Horizon are insufficient

to bar all documents from this entity at this time.  Defendant

can certainly raise any concerns regarding the accuracy of

Horizon's documents during trial, but at this point, there is

insufficient evidence to support Defendant's untrustworthiness

allegation.

## IV.  Conclusion

For the foregoing reasons, the Court will grant

Defendant's Motion in Limine as to the Rule 902(11) certificates

the Government offered for the five lender files referenced

above.  The Court will deny Defendant's Motion in all other

respects.  An appropriate Order will issue.


|  | /s/ |
| --- | --- |
| October 29, 2013 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |