IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | 1:13cr137 (JCC) |
| | ) | |
| GING-HWANG TSOA, | ) | |
| | ) | |
| Defendant. | ) | |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on the Defendant Ging-Hwang Tsoa's ("Defendant" or "Tsoa") Motion for an Evidentiary Hearing and to Continue Sentencing ("Motion"). [Dkt. 150.] For the following reasons, the Court will deny Defendant's Motion.

**I. Background**

On April 4, 2013, a federal grand jury returned an indictment charging Defendant with one count of conspiracy to commit bank fraud and two counts of bank fraud. (Indictment [Dkt. 1], Counts 1-3.) The Government alleged that Defendant helped Robert Mikail ("Mikail") submit mortgage loan applications containing materially false information to various lenders as part of a mortgage fraud conspiracy. (Indictment, Count 1 ¶¶ 7-13.) On November 12, 2013, this case came before the Court for a jury trial. [Dkts. 133-135.] On November 15,

1

2013, the jury returned a verdict finding Defendant guilty as to all three counts. [Dkt. 139.]

On July 17, 2013, Tsoa's co-defendant Mikail pled guilty to Count 1 of the indictment. [Dkt. 66.] At trial, Mikail testified as to Tsoa's involvement in the mortgage fraud conspiracy. On January 10, 2014, the Court sentenced Mikail to 52 months' incarceration. [Dkt. 144.]

On January 24, 2014, Mikail filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. [Dkt. 149.] In his petition, Mikail attacks his sentence of 52 months' imprisonment on the grounds that his trial counsel represented that his cooperation with the Government would result in a lower sentence. Mikail states that had he known that he would not receive the sentence allegedly promised by his counsel, he "would not have cooperated with the government." (Mikail Pet. at 9.) Mikail asks "to be resentenced from the information given to me by my lawyer, or will send a written affidavit to withdraw my statements against my co-defendant." (Mikail Pet. at 13.)

On the basis of these statements in Mikail's petition, Defendant filed her Motion for an Evidentiary Hearing and to Continue Sentence on January 26, 2014. [Dkt. 150.] In this motion, Defendant asks the Court to conduct an evidentiary hearing to determine whether Mikail intends to recant his trial

testimony. On January 27, 2014, the Government filed its response, [Dkt. 151], and Defendant filed her reply, [Dkt. 152.].

## II. Analysis

### A. Motion for Evidentiary Hearing

Defendant asks the Court to conduct an evidentiary hearing to determine whether Mikail intends to recant his trial testimony against Tsoa and whether he provided materially false testimony at trial. (Mot. at 1.) Defendant cites to *United States v. Baumgardner*, 1:08cr00024, 2009 WL 2424334, at *10-11 (W.D. Va. Aug. 6, 2009) and *United States v. Smith*, 997 F.2d 674, 676-7 (10th Cir. 1993) in support of the proposition that district courts have responded to recanting witnesses by holding evidentiary hearings.

As the Government notes, however, these cases concerned witnesses who had, in fact, recanted their trial testimony. In *Smith*, the defendant filed a motion for a new trial on the ground of newly discovered evidence pursuant to Federal Rule of Criminal Procedure 33 on the basis of a witness's "statements in affidavits recanting her trial testimony." *Smith*, 997 F.2d at 667. Likewise, in *Baumgardner*, the court held an evidentiary hearing where a defendant had filed a motion for a new trial based on the recantations of a government witness. *Baumgardner*, 2009 WL 2424334, at *1. Here,

3

by contrast Mikail has not recanted his testimony at Tsoa's trial.

Indeed, Mikail's statements in his petition provide no indication that his testimony was false or untruthful. Instead, Mikail's statement is best read as a threat that unless Mikail is resentenced in accordance with his understanding of the plea agreement, he will recant his trial testimony. Additionally, Tsoa has not filed a motion for a new trial on grounds of newly discovered evidence pursuant to Federal Rule of Criminal Procedure 33. The only matter currently before the Court is Tsoa's sentencing. Accordingly, the Court will not hold an evidentiary hearing where no motion for a new trial has been filed and there is no indication that the trial testimony at issue was false.

B. Motion to Continue

Because the Court will not hold an evidentiary hearing on this matter, Defendant's motion to continue her sentencing date is denied.

### III. Conclusion

For the foregoing reasons, the Court will deny Defendant's Motion for Evidentiary Hearing and to Continue Sentencing.

An appropriate Order will issue.

|  | /s/ |
|---|---|
| January 30, 2014 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |